***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Rowell. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Rowell with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties agree that the claim for the accident on 8 October 2001 is subject to the North Carolina Workers' Compensation Act and that there is a third-party claim pending in Orange County Superior Court.
2. At the time of the accident that is the subject of this claim, plaintiff was employed by Lincare Holdings with Workers' Compensation insurance provided by Travelers Insurance Company.
3. The accident that is the subject of this claim occurred on October 8, 2001.
4. The claim was accepted as compensable and wage compensation has been provided to plaintiff at the weekly compensation rate of $522.69 since the date of accident through the date of the Pre-Trial Order.
5. The parties stipulate that all medical reports and doctors notes are authentic and may be received into evidence without any further authentication if such medical reports are otherwise relevant and material. The parties stipulate to the authenticity of all Industrial Commission Forms, Filings, Motions, and Orders and they may be received into evidence without further authentication or proof if otherwise relevant and material.
6. The parties stipulate into evidence as Stipulated Exhibit #1, the Pre-Trial Agreement.
7. The parties stipulate into evidence as Stipulated Exhibit #2, Plaintiff's Medical Records.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Beginning October 17, 2001 and extending to April of 2003, plaintiff was under the care of Dr. Thomas Dimmig, an Orthopedic Surgeon in Durham, North Carolina for treatment of admittedly compensable injuries. Additional treating physicians for compensable injuries from the October 8, 2001 accident included Dr. Thomas Andrews, a urologist, for treatment of urinary incontinence, and Dr. Jeffrey Siegel, a neurologist, for treatment of headaches and for evaluation and diagnosis of possible neurological injuries.
2. On March 26, 2002 plaintiff had a repeat lumbar fusion by Dr. Thomas Dimmig extending the lumbar fusion to the L2-L3 level. This lumbar fusion included nerve root decompression and correction of a spinal stenosis at L2-L3.
3. In the Spring of 2002, following improvement of some back symptoms, plaintiff reported to Dr. Dimmig's office that he had left shoulder pain and left knee pain that plaintiff dated to the accident in October of 2001.
4. On July 16, 2002, plaintiff had a cervical fusion C5-C7 by Dr. Thomas Dimmig, which included nerve root decompression with cervical ridiculopathy and stenosis at the C5-C7 level.
5. In November of 2002, Dr. Dimmig ordered that plaintiff have an MRI done of his left shoulder and of his left knee. The results of these MRI readings were essentially normal.
6. On April 11, 2003, Dr. Dimmig felt he had nothing further to offer to plaintiff in the way of orthopedic treatment, that plaintiff had reached maximum medical improvement, and suggested that sedentary-type work with vocational rehabilitation would be necessary for plaintiff. Dr. Dimmig discharged plaintiff from treatment for his back and his neck. Dr. Jeffrey Siegel, plaintiff's treating Neurologist, recommended further orthopedic evaluation of plaintiff on May 9, 2003. Plaintiff timely requested that defendants authorize such further orthopedic treatment.
7. In a letter dated May 19, 2003, Defendants refused this further treatment and plaintiff moved the Industrial Commissioner on June 2, 2003 for an Order compelling defendants to provide orthopedic treatment as recommended by Dr. Siegel.
8. While plaintiff's June 2, 2003 motion was pending ruling by the Industrial Commission and defendants refused to pay for any further orthopedic treatment, plaintiff continued to experience significant knee and shoulder symptoms. On July 15, 2003, due to his ongoing knee and shoulder problems, plaintiff sought out treatment on his own from the North Carolina Spine Center in Chapel Hill.
9. By order dated July 21, 2003, the Industrial Commission ordered defendants to pay for orthopedic treatment as recommended by Dr. Siegel. Defendants did not appeal from this July 21, 2003 order.
10. Subsequent to the Industrial Commission's order of July 21, 2003, defendants attempted to arrange an appointment with Dr. Brian Suzra at Cary Orthopedics, but in a letter dated August 15, 2003, Dr. Suzra declined to see plaintiff.
11. Following his evaluations at the North Carolina Spine Center, plaintiff was referred to Dr. Wheeless, an orthopedic surgeon specializing in treatment of special types of knee injuries. On August 18, 2003, Dr. Wheeless evaluated plaintiff and treated plaintiff's left knee conservatively for a short period.
12. By letters dated August 21, 2003 and August 26, 2003, plaintiff requested that defendants pay for the orthopedic treatment recommended by Dr. Siegel, as ordered by the Industrial Commission on July 21, 2003. In addition, plaintiff requested that defendants pay for the orthopedic treatment which he had to seek out at his own expense from Dr. Suh, Dr. Jones, and Dr. Wheeless, due to his continued need of orthopedic treatment.
13. Defendants denied plaintiff's request to pay for the orthopedic treatment recommended by Dr. Siegel, as ordered by the Industrial Commission on July 21, 2003, and to pay for the orthopedic treatment plaintiff had received from Dr. Suh, Dr. Jones, and Dr. Wheeless.
14. By motion dated September 4, 2003, plaintiff moved for the Industrial Commission to compel defendants to pay for orthopedic treatment. Defendants responded in opposition to plaintiff's September 4, 2003 motion.
15. By order dated September 22, 2003, the Industrial Commission denied plaintiff's request to have defendants pay for the treatment with and as recommended by Dr. Suh, Dr. Jones, and Dr. Wheeless. However, this September 22, 2003 order required that defendants shall continue compliance with the medical order entered by the Industrial Commission on July 21, 2003.
16. On September 24, 2003, Dr. Siegel recommended treatment for plaintiff with Dr. Jones, Dr. Suh, and Dr. Wheeless, after plaintiff was declined treatment at Cary Orthopedics. Despite this recommendation of Dr. Siegel and the July 21, 2003 Order of the Industrial Commission, defendants did not authorize treatment for plaintiff at the North Carolina Spine Center with Dr. Jones and Dr. Suh or with Dr. Clifford Wheeless.
17. Subsequent to Dr. Siegel's recommendation of September 24, 2003, on October 1, 2003, Dr. Wheeless operated on plaintiff left knee, finding a medial femoral chondral injury, a medial meniscus tear, a patellar chondral injury, and a lateral tibial plateau linear chondral injury. This operation was medically necessary to correct the cartilage tears, and other injuries found by Dr. Wheeless at the time of the surgery on October 1, 2003.
18. By order dated November 10, 2003, the Industrial Commission denied plaintiff's motion to reconsider its previous order dated September 22, 2003. Accordingly, the previous order of the Industrial Commission dated September 22, 2003, remained in full force and effect. By letter dated November 12, 2003, plaintiff gave notice of appeal to the Industrial Commission order dated November 10, 2003.
19. Despite the November 10, 2003 order denying plaintiff's motion to reconsider, it should be noted that the September 22, 2003 order remained in full force and effect. This September 22, 2003 order required that defendants shall continue compliance with the medical order entered on July 21, 2003.
20. As of the date of the hearing in this matter, defendants have not authorized any further orthopedic treatment with an orthopedic physician for Plaintiff, since plaintiff was last treated by Dr. Dimmig on April 11, 2003.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The treatment received by plaintiff at North Carolina Spine Center prior to the Industrial Commission order of July 21, 2003, was reasonably necessary under the circumstances and constitutes an emergency as defined by N.C. Gen. Stat. § 97-25.
2. The Industrial Commission Order of July 21, 2003, provided that defendants shall authorize and pay for plaintiff's treatment as recommended by Dr. Siegel. On September 24, 2003, Dr. Siegel recommended treatment for plaintiff with Dr. Jones, Dr. Suh, and Dr. Wheeless. On or after September 24, 2003, defendants had not provided any other orthopedic treatment or options to Plaintiff. Pursuant to Industrial Commission order July 21, 2003, treatment subsequent to September 24, 2003 provided by Dr. Jones, Dr. Suh, and Dr. Wheeless, as recommended by Dr. Siegel, should be paid for by defendants.
3. The treatment provided to plaintiff, at North Carolina Spine Center from Dr. Jones and Dr. Suh, and the treatment provided by Dr. Wheeless for plaintiff's left knee was necessary to effect a cure and give relief. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Medical treatment provided to plaintiff by the North Carolina Spine Center with Dr. Jones and Dr. Suh or by Dr. Clifford Wheeless from July 15 to September 24, 2003 should be paid for by defendants as emergency treatment reasonably necessary to give relief or effect a cure.
2. Medical treatment provided to plaintiff by Dr. Jones, Dr. Suh, or Dr. Wheeless subsequent to September 24, 2003, should be paid for by defendants pursuant to the July 21, 2003 Order of the Industrial Commission so long as such treatment is necessary to effect a cure or to give relief for injuries proximally caused by the compensable injury on October 8, 2001, this includes but is not limited to plaintiff's October 1, 2003 left knee surgery by Dr. Wheeless. In addition, Dr. Suh, Dr. Jones, and Dr. Wheeless are authorized as plaintiff's treating physicians.
3. Defendants shall pay the costs.
This the 16th day of August, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER